The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following question: Does 59 O.S. 148 [59-148] (1971), prohibit a podiatrist from advertising in the yellow pages of telephone directories, television, radio, newspapers or by hand bills? Title 59 O.S. 148 [59-148] (1971), in setting forth grounds for revocation of licenses, specifically sets out five prohibitions relating to advertising and, in pertinent part, provides: "The Board, by its written order and in its discretion, at any time may revoke any license to practice Chiropody heretofore issued and remaining effective under the provisions of this Act or hereafter issued under the Applicable Laws for any one (1) or more of the following causes: . . . any advertising, statement, or representation made by the licensee, which is untrue or improbable and calculated by the licensee to mislead the public or patients, actual or prospective, or to mislead both; advertising, practicing, or attempting to practice Chiropody under a name other than the licensee's own name . . . advertising, or representing in any other way, by the licensee which is grossly untrue or improbable; advertising or knowingly allowing the publication of one's name or address or of any other reference to one professionally, whether direct or indirect, by a licensee in any telephone or other directory published for distribution in any way when the type used to show the name, address, or other reference or type used in connection therewith is of such size or face or kind as to call for payment of more than the minimum rate charges regularly by the one in control of the directory for such a publication when type of ordinary size, face, or kind is used; publishing or knowingly allowing the publishing, either daily or from time to time, of any statement, question, or announcement relating in any way to a licensee's name or address or practice or services or work or to his or her office, clinic, or other place of business during a period of more than thirty (30) days in any six (6) months' period . . ." Initially, it should be noted that recent United States Supreme Court decisions relating to advertising have had the effect of holding as constitutionally invalid state statutes which make a blanket suppression of any commercial advertising by the various professions. Bates v. State Bar of Arizona,433 U.S. 350, 97 S.Ct. 2691, 53 L.Ed.2d 810 (1977), Virginia State Board of Pharmacy v. Virginia Citizens Consumer Council, Inc., 425 U.S. 748, 96 S.Ct. 1817,48 L.Ed.2d 346 (1976). In Bates v. State Bar of Arizona, supra, the Court, in reversing that part of the Supreme Court of Arizona's holding which, in effect, prohibited Arizona attorneys from advertising themselves by commercial means, stated at pages 383 and 384: "In holding that advertising by attorneys may not be subjected to blanket suppression, and that the advertisement at issue is protected by First Amendment, we, of course, do not hold that advertising by attorneys may not be regulated in any way . . . . "As with other varieties of speech, it follows as well that there may be reasonable restrictions on the time, place and manner of advertising." See also, American Camping Association, Inc. v. Whalen,465 F. Supp. 327 (1978). Moreover, both the Bates, supra, and Virginia State Board of Pharmacy supra, decisions hold that states may enact statutes which prohibit fraudulent, untrue or misleading advertisements. Therefore, if 59 O.S. 148 [59-148] of the chiropody code prohibited any form of truthful commercial advertising by podiatrist, such provision would be unenforceable as violative of the First Amendment. However, reasonable restrictions as to "time, place and manner" are permissible. Except for the prohibition against advertising improbable or misleading statements and advertising under a name other than the licensee's own name (which is not at issue here), there is no blanket suppression of advertising by podiatrist in 59 O.S. 148 [59-148], supra. In reference to your first inquiry relating to telephone directories, 59 O.S. 148 [59-148] allows a podiatrist to publish name, address and reference to himself or herself professionally in any directory, telephone or otherwise, but restricts the manner of such publication to the size print which calls for the minimum price chargeable by the directory. As to the other methods of advertising referred to in your opinion request, 59 O.S. 148 [59-148] makes no specific prohibition against any of these forms of commercial advertisements, but does restrict the time of such advertisement to a limit of thirty (30) days out of a six (6) month period. It is, therefore, the official opinion of the Attorney General that 59 O.S. 148 [59-148] (1971), does not prohibit the various forms of commercial advertising by a podiatrist, but does place permissible restrictions upon time, place and manner of such advertisements. (PATRICIA R. DEMPS) (ksg)